(Hamilton County, O., Common Pleas.)

KATE KERBER v. JOHN RUFF, JR., et al.

---

A surety on an appeal bond belongs to the class of debtors covered by section 6344.

A petition for recovery on an appeal bond should set out particularly the terms of the bond, etc.

---

Heard on demurrer to petition.

SAYLER, J.

The plaintiff sets out that John Ruff, Jr., is indebted to him in the sum of $349, with interest, on a certain bond for appeal, which said Ruff executed in a certain case then pending before a justice of the peace in this county, wherein this plaintiff, Kerber, was plaintiff, and one Isadore Hirschberg and others were defendants; that a judgment was rendered in this court on the appeal for $325 and costs in favor of this plaintiff, and that after the verdict had been given against Hirschberg, and before judgment had been entered on the verdict, said Ruff, with intent to defraud his creditors, conveyed certain real estate to John Folk, for the colorable consideration of one dollar and other considerations, but, in fact, without actual consideration; and the plaintiff asks to have the conveyance declared to be fraudulent as to creditors, etc., under section 6344, Reivsed Statutes.

The defendants, Ruff and Folk, demur on the ground that the petition does not state facts sufficient to constitute a cause of action.

I think the petition is defective in not more particularly setting out the terms of

the bond and to whom executed, but no point was made in argument as to such matters, so I pass them by.

Section 6344 provides that: "All transfers, conveyances or assignments made by a debtor, or procured by him to be made with intent to hinder, delay or defraud creditors, shall be declared void at the suit of any creditor, etc."

It is claimed on the part of the defendants that Ruff is not a debtor within the meaning of section 6344, Rev. Stat. ; that while he signed the appeal bond as surety, and judgment has been rendered on appeal against the appellant, yet he did not become a debtor by signing the bond or by reason of the judgment against the appellant; that on the trial of a suit brought on the appeal bond against him as a surety, a judgment may be rendered in his favor, finding him not liable on the same; that therefore he, as such surety, does not become a debtor until the debt on the bond is established by judgment.

Under section 6584, Rev. Stat., an appeal bond is conditioned, 1st. That the appellant will prosecute his appeal to effect and without unnecessary delay, and 2nd. That if judgment be adjudged against him on the appeal, he will satisfy such judgment and costs. Under section 6593, it is provided that "when judgment shall be entered in the court of common pleas against the appelant, the surety in the undertaking shall be liable to the appellee for the whole amount of the debt, costs and damages recovered against the appellant."

In Gimperling v. Hanes, 40 Ohio St. 114, the court say the surety undertakes to pay such judgment as may be rendered on appeal.

This liability of the surety will not be released by the discharge of the appellant in bankruptcy. Farrell v. Finch, 40 Ohio St. 337.

If the surety undertakes to pay such judgment as may be rendered on appeal, he certainly becomes indebted on the judgment being rendered, and is therefore a debtor.

The mere fact that he may resist payment, and that, on a suit being brought on the bond, the judgment may be rendered in his favor, would certainly not take him out of the class of debtors covered by Section 6344, as any debtor may resist payment, and on suit being brought judgment may be rendered in his favor.

I think the demurrrer should be overruled.